ACCEPTED
03-14-00397-CV
3845366
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/21/2015 1:37:38 PM
JEFFREY D. KYLE
CLERK

## No. 03-14-00397-CV

### In the Court of Appeals for the Third Judicial District Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/21/2015 1:37:38 PM
JEFFREY D. KYLE
Clerk

**American Multi-Cinema, Inc.,**
Appellant/Cross-Appellee,

v.

**Glenn Hegar, Comptroller of Public Accounts of the State of Texas, and Ken Paxton, Attorney General of the State of Texas,**
Appellees/Cross-Appellants.

On Appeal from the 200th Judicial District Court
Travis County, Texas

### Appellees' Surreply Regarding the Inapplicability of Tex. Tax. Code § 171.1012(o) to this Appeal

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

ROBERT O'KEEFE
Division Chief
Financial Litigation, Tax, and
Charitable Trusts Division

CHARLES K. ELDRED
State Bar No. 00793681
Assistant Attorney General
Financial Litigation, Tax, and
Charitable Trusts Division
P.O. Box 12548
Austin, Texas 78711-2548
512-475-1743
512-477-2348 (fax)
charles.eldred@texasattorneygeneral.gov

Attorneys for Cross-Appellants

**Oral Argument Requested**

To the Honorable Third Court of Appeals:

AMC seeks a ruling that its movie exhibition costs are costs of goods sold under Tex. Tax Code § 171.1012. In district court, AMC had three theories. The first two theories are discussed in previous briefing and will not be further discussed in this surreply.

1.    AMC sells "personal property that can be seen, weighed, measured, felt, or touched or that is perceptible to the senses in any other manner." Tex. Tax Code § 171.1012(a)(3)(A)(i).

2.    AMC sells "films, sound recordings, videotapes, live and prerecorded television and radio programs, books, and other similar property embodying words, ideas, concepts, images, or sound, without regard to the means or methods of distribution or the medium in which the property is embodied, for which, as costs are incurred in producing the property, it is intended or is reasonably likely that any medium in which the property is embodied will be mass-distributed by the creator or any one or more third parties in a form that is not substantially altered." Tex. Tax Code § 171.1012(a)(3)(A)(ii).

3.    AMC's principal business activity is film production, film distribution or any combination of those activities, so its cost of goods sold for the taxable entity shall be the costs described in section 171.1012 in relation to the films and include depreciation, amortization, and other expenses directly related to the acquisi-

tion, production, or use of the file, including expenses for the right to use the film. Tex. Tax. Code § 171.1012(o). CR.7–8 at ¶14 (original petition for Report Year 2008, alleging that AMC produces films for sale); 2.SCR.6–7 at ¶18 (same for Report Year 2009); CR.68–69, 79–80, 85 (AMC's trial brief); CR.461 (requesting a finding of fact that "AMC's principal business activity is a combination of film production and film distribution.")

The district court agreed only with the first theory. The Comptroller appealed that ruling. AMC's responded by arguing that the district court correctly ruled in AMC's favor on the first theory and that AMC's second theory was an alternate basis for affirmance. AMC did not argue that the third theory was an alternate basis for affirmance. It specifically did not argue that its principal business activity is film production, film distribution, or any combination of those activities, which is a prerequisite to using Tex. Tax Code § 171.1012(o) to calculate its cost of goods sold. Therefore, AMC's third theory is waived on appeal, and Tex. Tax Code § 171.1012(o) has no applicability to this appeal.

In rejecting AMC's third theory, the district court considered evidence from the Comptroller's expert witness on the role of film producers, film distributors, and film exhibitors such as AMC within the movie business. It considered decades of court opinions recognizing the three parts of the movie business, including the 1948 antitrust case that broke the movie business up into producers, distributors,

and exhibitors such as AMC. *United States v. Paramount Pictures*, 334 U.S. 131 (1948). AMC is not a producer or distributor at all, and its principal business activity is not film production or distribution. Because AMC did not preserve its third theory on appeal, the Comptroller has not briefed this extensive testimony and case law.

Yet AMC's Reply Brief states, "AMC is permitted to subtract the costs listed in the stipulation by Tax Code § 171.1012(c), (d), and (o)." Appellant's Reply Brief at 16. But for AMC to take advantage of subsection (o), its principal business activity must be film production, film distribution, or a combination of those activities. The district court rejected that theory, and AMC has not argued that the district court erred.

The only issue in the Comptroller's cross-appeal is whether, under Tex. Tax Code § 171.1012, AMC acquires or produces "goods" for sale when it exhibits movies under either AMC's first or second theory. The issue of whether AMC's principal business activity is film production, film distribution, or a combination of those activities is not before the court, and so neither is subsection (o).

Respectfully submitted,

KEN PAXTON
Attorney General

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

ROBERT O'KEEFE
Division Chief
Financial Litigation, Tax, and
Charitable Trusts Division


CHARLES K. ELDRED
Attorney in Charge
Financial Litigation, Tax, and
Charitable Trusts Division
State Bar No. 00793681
P.O. Box 12548
Austin, Texas 78711-2548
512-475-1743
512-477-2348 (fax)
charles.eldred@texasattorneygeneral.gov

Attorneys for Appellants

## Certificate of Compliance

In compliance with Texas Rule of Appellate Procedure 9.4(i)(2), this brief contains 667 words, excluding the portions of the brief exempted by Rule 9.4(i)(1).

Charles K. Eldred
Assistant Attorney General

## Certificate of Service

I certify that a copy of this *Appellees' Surreply Regarding the Inapplicability of Tex. Tax Code § 171.1012(o) to this appeal* was served by email and eservice to Doug Sigel, attorney for Appellant and Cross-Appellee, on January 21, 2015 to doug.sigel@ryanlawllp.com.

Charles K. Eldred
Assistant Attorney General